UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MICHAEL WALKER | CIVIL ACTION |
| VERSUS | NO. 15-0645 |
| PIONEER PRODUCTION SERVICES, INC., ET AL | SECTION A(5) |

**ORDER AND REASONS**

Before the court is a **Motion for Partial Summary Judgment (Rec. Doc. 38)** filed by Defendant Pioneer Production Services, Inc. The motion, set for submission on March 23, 2016, is before the Court on the briefs without oral argument. This matter is set to be tried to a jury beginning on August 1, 2016.

I.  Background

Plaintiff filed suit in this Court on March 2, 2015, bringing claims under the Jones Act. (Rec. Doc. 1, Compl. ¶ 5). Plaintiff claims that he sustained an injury while employed by Defendant Pioneer as a rigger and assigned to the HOS CORNERSTONE, a vessel owned, operated, and/or managed by Defendant Hornbeck. (Rec. Doc. 1, Compl. ¶¶ 2-3). Plaintiff claims that he "slipped and fell on slippery substances and loose deck boards on the stern deck" of the vessel and suffered "injuries to his cervical spine, lumbar spine and connective muscles, joints and tissues." (*Id.*)

II.  Analysis

Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," when viewed in the light most favorable to the non-movant, "show that there is no genuine issue as to any material fact." *TIG Ins. Co. v. Sedgwick James*, 276 F.3d 754, 759 (5th Cir. 2002) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986)). A dispute about a material fact is "genuine" if the evidence is such that

a reasonable jury could return a verdict for the non-moving party. *Id.* (citing *Anderson*, 477 U.S. at 248). The court must draw all justifiable inferences in favor of the non-moving party. *Id.* (citing *Anderson*, 477 U.S. at 255). Once the moving party has initially shown "that there is an absence of evidence to support the non-moving party's cause," *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986), the non-movant must come forward with "specific facts" showing a genuine factual issue for trial. *Id.* (citing Fed.R.Civ.P. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986)). Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial. *Id.* (citing *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir.1993)).

In the instant motion, Pioneer argues that, under *McCorpen v. Gulf Central S.S. Corp.* and its progeny, due to Plaintiff's intentional concealment of his medical history, he is not entitled to maintenance or cure related to any treatment to his back and that his claim for maintenance and cure related to any back treatment should be denied. (Rec. Doc. 38-1). In his response, Plaintiff concedes that the three prongs of *McCorpen* are met in this instance with regard to Plaintiff's back injuries. (Rec. Doc. 44). While Plaintiff asks the Court to recognize certain qualifications regarding its concession, the Court declines to do so—the requested qualifications raise no genuine issue of fact with regard to the maintenance and cure claims that are the subject of this motion.

Accordingly;

**IT IS ORDERED** that **Motion for Partial Summary Judgment (Rec. Doc. 38)** is **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's claims for maintenance and cure related to any back treatment are **DENIED WITH PREJUDICE**.

March 28, 2016

                                                JUDGE JAY C. ZAINEY
                                                UNITED STATES DISTRICT JUDGE