UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MICHAEL WALKER | CIVIL ACTION |
| VERSUS | NO. 15-0645 |
| PIONEER PRODUCTION SERVICES, INC., ET AL | SECTION A(5) |

**ORDER AND REASONS**

Before the court is a **Motion in Limine to Exclude Evidence of Subsequent Remedial Measures Pursuant to Fed. R. Evid. 407 (Rec. Doc. 61)** filed by Defendant Hornbeck Offshore Trinidad and Tobago, LLC ("Hornbeck"). The Motion, set for submission on June 15, 2016, is before the Court on the briefs without oral argument. This matter is set to be tried to a jury beginning on August 1, 2016. For the reasons that follow, the Motion is **GRANTED**.

### I. Background

Plaintiff filed suit in this Court on March 2, 2015, bringing claims under the Jones Act. Rec. Doc. 1, Compl. ¶ 5. Plaintiff claims that he sustained an injury while employed by Defendant Pioneer as a rigger and assigned to the HOS CORNERSTONE, a vessel owned, operated, and/or managed by Defendant Hornbeck. Rec. Doc. 1, Compl. ¶¶ 2-3. Plaintiff claims that he "slipped and fell on slippery substances and loose deck boards on the stern deck" of the vessel and suffered "injuries to his cervical spine, lumbar spine and connective muscles, joints and tissues." *Id.*

### II. Analysis

Hornbeck seeks to exclude evidence regarding the fact that Hornbeck, following the incident with Plaintiff, painted the deck strap upon which Plaintiff allegedly slipped with non-skid paint. Hornbeck also seeks to exclude portions of a "Safety Alert" issued by Hornbeck after the incident.

1

Regarding evidence of the post-incident painting, the motion is granted, pursuant to Federal Rule of Evidence 407 on subsequent remedial measures. Fed. R. Evid. 407; *Relf v. Wal-Mart Stores, Inc.*, 49 F.3d 728 (5th Cir. 1995). Evidence of the post-incident painting is inadmissible except for impeachment purposes.

Regarding the Safety Alert, the parties agree that certain portions of the Safety Alert that discuss the facts of the incident are not prohibited by Rule 407.[1] The Court therefore focuses on the remaining parts of the report.

At issue are the following: (1) the last sentence of the fourth paragraph, stating, "Had the crew removed the standing water and properly stowed the plastic crates when not in use this accident could well have been avoided;" (2) the fifth paragraph, reminding employees to follow certain procedures in its safety manual and listing four steps that employees should follow at all times to be sure that they are in compliance with the safety manual; (3) the sixth paragraph, instructing employees to identify potential slippery surfaces and apply a "non-skid surface" to them.

In support of admitting the Safety Alert, Plaintiff cites an Eastern District case that held that "investigative reports that recommend measures are not themselves remedial measures and are not excluded by Fed. R. Evid. 407." *Robinson v. Diamond Offshore Mgmt. Co.*, No. Civ. A. 04-1899, 2006 WL 197010, at *3 (E.D. La. Jan. 26, 2006) (Barbier, J.). This Court, however, finds that investigative reports that recommend remedial measures, like the one in the instant case, implicate the policies of Rule 407. As this Court has previously held, such evidence should be excluded. *Lewis v. Royal Ins. Co. of America*, No. Civ. A. 02–1665, 2003 WL 21219870 (E.D. La.

---

[1] While the Court agrees with the parties that these paragraphs are not prohibited by Rule 407, the Court notes that, upon motion, it typically excludes reports of this nature, as the best evidence comes from testimony of the author of such a report. If Defendant has no objection to admitting parts of the report, however, the Court will allow them to be admitted.

2

May 20, 2003) (Zainey, J.); *Thornton v. Diamond Offshore Drilling, Inc.*, No. Civ. A. 07-1839, 2008 WL 2315845 (E.D. La. May 19, 2008) (Vance, J.). Therefore, the portions of the Safety Alert at issue should be excluded.

Accordingly;

**IT IS ORDERED** that the **Motion in Limine to Exclude Evidence of Subsequent Remedial Measures Pursuant to Fed. R. Evid. 407 (Rec. Doc. 61)** is **GRANTED**, subject to the agreement by counsel that certain portions of the Safety Alert are admitted, as herein described.

June 23, 2016

_____
JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE
