UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MICHAEL WALKER                                                                CIVIL ACTION

VERSUS                                                                              NO. 15-0645

PIONEER PRODUCTION SERVICES, INC., ET AL            SECTION A(5)

**ORDER AND REASONS**

Before the Court is a **Motion for Reconsideration (Rec. Doc. 110)** filed by Plaintiff Michael Walker. The motion, set for submission on July 27, 2016, is before the Court on the briefs without oral argument. The Court is granting Plaintiff's **Motion to Expedite (Rec. Doc. 111)**, and it will consider the motion before its submission date. This matter is set to be tried to a jury beginning on August 1, 2016.

Plaintiff moves the Court to reconsider the order issued on July 6, 2016 (Rec. Doc. 107). In this order, the Court granted in part and denied in part Plaintiff's Motion in Limine to Exclude All Evidence, Testimony, and Attorney Reference Relating to This Court's Prior Ruling on Pioneer's *McCorpen* Defense. The order instructed the parties to enter into a stipulation regarding Plaintiff's choice to not oppose the specific prongs as enunciated by *McCorpen*. The order further stated that Defendants may bring this stipulation to the attention of the jury. Plaintiff seeks reconsideration based on the fact that Plaintiff has reached a settlement with his Jones Act employer, Pioneer Production Services, Inc. Defendants Hornbeck Offshore Trinidad and Tobago, LLC, and Hornbeck Offshore Operators, LLC, (collectively "Horneck") oppose the instant motion. Hornbeck asserts that the *McCorpen* prongs are relevant to Hornbeck's comparative fault defense.

The Court analyzes a motion for reconsideration under Rule 59(e). Such a motion may be granted on four grounds: "(1) to correct manifest errors of law or fact upon which judgment is based, (2) the availability of new evidence, (3) the need to prevent manifest injustice, or (4) an

1

intervening change in controlling law." *Lines v. Fairfield Ins. Co.*, No. 08–1045, 2010 WL 4338636, at *1 (E.D. La. Oct. 21, 2010) (citing *Peterson v. Cigna Group Ins.*, No. 99–2112, 2002 WL 1268404, at *2 (E.D. La. June 5, 2002). "The Court enjoys considerable discretion in granting or denying such a motion, and an amendment of judgment is an extraordinary remedy which must be used sparingly and should not be used to re-litigate old matters, raise new arguments, or present evidence that could have been raised prior to the entry of judgment." *Gabarick v. Laurin Mar. (America) Inc.*, No. 08–4007, 2010 WL 5437391, at *5 (E.D. La. Dec. 23, 2010) (citing *Boyd's Bit Serv., Inc. v. Specialty Rental Tool & Supply, Inc.*, 332 F.Supp.2d 938, 939 (W.D. La 2004)).

The Court finds that none of the four grounds are met here. A stipulation would still be relevant to Plaintiff's credibility and to Hornbeck's comparative fault defense. *See Ramirez v. Am. Pollution Control Corp.*, 364 F. App'x 856, 858 (5th Cir. 2010) ("This court has recognized the propriety of holding a seaman plaintiff contributorily negligent when he 'has concealed material information about a pre-existing injury or physical condition from his employer; exposes his body to a risk of reinjury or aggravation of the condition; and then suffers reinjury or aggravation injury.'") (quoting *Johnson v. Cenac Towing, Inc.*, 544 F.3d 296, 303-04 (5th Cir. 2008)).

The stipulation, however, should include a disclaimer as it regards the third prong of *McCorpen*. The third prong of *McCorpen* asks whether there was a "causal link" between the concealed pre-existing injury and the employment injury. *McCorpen v. Central Gulf Steamship Corp.*, 396 F. 2d 547, 549 (5th Cir. 1968). Despite the "causal link" language, courts have held that this prong is met upon a mere showing that "the old injury and the new injury affected the same body part." *See Johnson*, 544 F.3d at 728. Thus, the stipulation can make clear that, regarding the third *McCorpen* prong, Plaintiff concedes only that the concealed pre-existing injury and the

employment injury regarded the same body part; Plaintiff does not concede that his concealment caused his work injury.

Accordingly;

**IT IS ORDERED** that the **Motion for Reconsideration (Rec. Doc. 110)** is **DENIED**;

**IT IS FURTHER ORDERED** that the **Motion to Expedite Motion for Reconsideration (Rec. Doc. 111)** is **GRANTED**, as the Court considered this motion on an expedited basis.

New Orleans, Louisiana, this 11th day of July, 2016

 JUDGE JAY C. ZAINEY
 UNITED STATES DISTRICT JUDGE